Not for Publication in West's Federal Reporter

# United States Court of Appeals

## For the First Circuit

No. 08-1390

YOLEX PIERRE,

Petitioner,

v.

ERIC H. HOLDER, JR.,* ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Selya and Boudin, Circuit Judges.

Harvey J. Bazile and Bazile & Associates on brief for petitioner.
Terri J. Scadron, Assistant Director, Office of Immigration Litigation, Civil Division, Department of Justice, and Gregory G. Katsas, Assistant Attorney General, Civil Division, on brief for respondent.

March 26, 2009

---

*Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Eric H. Holder, Jr. has been substituted for former Attorney General Michael B. Mukasey as respondent.

**Per Curiam.** Yolex Pierre is a citizen of Haiti who entered the United States without inspection through St. Thomas, Virgin Islands, around July 5, 2004. On July 19, 2004, Pierre filed for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"), alleging that his life was in jeopardy because of his father's membership in the Lavalas party, a political group formed by former Haitian President Jean-Bertrand Aristide. In November 2004, the Department of Homeland Security rejected Pierre's application for asylum and denied any other relief.[1]

An immigration judge ("IJ") held a hearing on July 13, 2006, at which Pierre testified that in February 2004, when Aristide was ousted illegally by the principal opposing party, members of that party then sought out Lavalas members and their families, that in the same month his father had been kidnapped by bandits, the bandits had been masked but that (in Pierre's view) they came from the opposing party, that his father had never been seen again and was thought to be dead, and that Pierre himself hid in fear and eventually fled to the United States.

Despite some discrepancies, the IJ credited Pierre's factual testimony but noted that he had no evidence that the kidnappers were from the opposing party or that the kidnapping was

---

[1] The requirements for withholding of removal and for relief under CAT are, in general, more demanding than for asylum. Pierre's brief focuses on the asylum claim and so do we.

-2-

politically motivated, that Pierre himself was not politically involved and had never been personally threatened or attacked, and that Pierre's siblings had remained in Haiti without incident.  The IJ denied relief, finding that Pierre had not shown an objectively reasonable fear of persecution on account of one of the statutorily listed bases.[2]

The Board of Immigration Appeals ("BIA") affirmed, and Pierre now petitions for review by this court.  Pierre's central claim on judicial review is that an objective basis for fear was established, and wrongly ignored by the IJ and BIA, based on State Department country reports that anti-Aristide forces are targeting Lavalas party members and their families.  Our review is deferential: the  denial must "must be upheld if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)).

Although Pierre said that he sometimes drove his father to political meetings and might himself have been kidnapped with his father if he had not fled, there is no concrete evidence that Pierre was the subject of the attack or that he was or is targeted

---

[2]Pierre had the burden to show that he either suffered past persecution or has a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." Nikijuluw v. Gonzales, 427 F.3d 115, 120 (1st Cir. 2005) (citing 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i)).

because of his father's activities.  His father was an active member of the party but is not claimed to have been a major figure. Pierre's brother and sister reside in Haiti unharmed.

The State Department report reprinted in Pierre's brief indicates that political violence did ensue after Aristide's ouster and included kidnappings, both political and for ransom, but there is no indication in the report that families of Aristide supporters were or are systematically targeted.  So even if Pierre's fear is subjectively genuine, the report does not furnish a solid objective basis for this fear and the IJ was entitled to disregard it.

The petition for review is <u>denied</u>.